Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE. Attach additional pages if necessary.*

11th Circuit Docket Number: 23-11528

**Caption:**
State of Florida v. United States, et al.,

District and Division: Northern District of Florida, Pensacola Division
Name of Judge: T. Kent Wetherell II
Nature of Suit: Administrative Procedures Act challenge to agency action
Date Complaint Filed: September 28, 2021
District Court Docket Number: 3:21-cv-1066
Date Notice of Appeal Filed: May 5, 2023
☐ Cross Appeal   ☐ Class Action

Has this matter previously been before this court?
☐ Yes   ☑ No
If Yes, provide
(a) Caption: _____
(b) Citation: _____
(c) Docket Number: _____

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| **For Appellant:**<br>☐ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Joseph A. Darrow<br>Elissa P. Fudim<br>Erin T. Ryan<br>Erez Reuveni | P.O. Box 868, Ben Franklin Station, Washington, DC 20044 | Phone: 202-598-7537<br>Email: joseph.a.darrow@usdoj.gov |
| **For Appellee:**<br>☑ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Henry C. Whitaker<br>Daniel W. Bell<br>Darrick Monson<br>James H. Percival II<br>Fla. Att'y Gen. Service | Office of the Attorney General, PL-01 THE CAPITOL, Tallahassee, FL 32399-1050 | Phone: 850-414-3300<br>Email: henry.whitaker@myfloridalegal.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question<br>☐ Diversity<br>☐ US Plaintiff<br>☑ US Defendant | ☑ Final Judgment, 28 USC 1291<br>☐ Interlocutory Order, 28 USC 1292(a)(1)<br>☐ Interlocutory Order Certified, 28 USC 1292(b)<br>☐ Interlocutory Order, Qualified Immunity<br>☐ Final Agency Action (Review)<br>☐ 54(b) | ☐ Dismissal/Jurisdiction<br>☐ Default Judgment<br>☐ Summary Judgment<br>☑ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV<br>☐ Injunction<br>☑ Other  Vacatur and remand | Amount Sought by Plaintiff: $ 0<br>Amount Sought by Defendant: $ 0<br>Awarded: $ 0 to _____<br>Injunctions:<br>☐ TRO<br>☐ Preliminary   ☐ Granted<br>☐ Permanent      ☐ Denied |

11th Circuit Docket Number: 23-11528

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression?   ☑ Yes   ☐ No
What is the issue you claim is one of First Impression? Whether the Parole+ATD policy exceeds the government's authority under 8 U.S.C. 1182(d)(5)(A)

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute?   ☑ Yes   ☐ No

If Yes, provide
(a) Case Name/Statute  8 U.S.C. 1225(b); 8 U.S.C. 1182(d)(5)(A); 8 U.S.C. 1252(f)(1)
(b) Citation _____
(c) Docket Number if unreported _____

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
(a) Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☑ No
(b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?   ☑ Yes   ☐ No

If Yes, provide
(a) Case Name  State of Florida v. Alejandro Mayorkas, et al.
(b) Citation _____
(c) Docket Number if unreported  No. 23-11644
(d) Court or Agency  U.S. Court of Appeals for the Eleventh Circuit

(4) Will this appeal involve a conflict of law
(a) Within the Eleventh Circuit?   ☐ Yes   ☑ No
(b) Among circuits?   ☑ Yes   ☐ No

If Yes, explain briefly:

Arizona v. Biden, 40 F.4th 375, 391 (6th Cir. 2022), suggests a conflict as to whether "shall" in immigration statutes precludes law enforcement discretion.

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

(1) Whether Florida lacks standing; (2) whether Florida challenges agency action that is committed to agency discretion, not "final" agency action, and whose review is precluded by statute and the zone of interests test; (3) whether the Parole+ATD policy violates the "case-by-case," "urgent humanitarian interests or significant public benefit," and "return to custody" requirements of 8 U.S.C. 1182(d)(5)(A); (4) whether Parole+ATD is arbitrary and capricious; (5) whether Parole+ATD is required to undergo notice and comment; (6) whether the order exceeded the permissible scope of relief.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS  23  DAY OF  May , 2023 .

Joseph A. Darrow
NAME OF COUNSEL (Print)

s/Joseph A. Darrow
SIGNATURE OF COUNSEL