Nos. 23-11528 & 23-11644

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

State of Florida,

          Plaintiff-Appellee,

v.

United States of America, et al.,

          Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Florida
Nos. 3:21-cv-01066 & 3:23-cv-09962

OPPOSED MOTION OF AMICI CURIAE
LEGAL SERVICE PROVIDERS FOR CUBAN
REFUGEE DIASPORA FOR LEAVE
TO PARTICIPATE IN ORAL ARGUMENT

December 13, 2023

Mark Andrew Prada
Prada Urizar Dominguez, PLLC
3191 Coral Way, Suite 500
Miami, FL 33145
o. 786.703.2061
mprada@pradaurizar.com

*Counsel for Amici Curiae*

*State of Florida* v. *United States of America*,
Nos. 23-11528 & 23-11644

## Certificate of Interested Persons and Corporate Disclosure Statement

In accordance with Federal Rule of Appellate Procedure 26.1(a) and 11th Cir. R. 26.1-1(a)(1) & 26.1-2(b), amici curiae submitting this brief make the following disclosures, and certify that the following additional persons and entities may have an interest in the outcome of this case:

### Amici Curiae
### Legal Service Providers for Cuban Refugee Diaspora

1. Americans for Immigrant Justice, Inc., a Florida Not for Profit Corporation:

   - no parent corporations
   - no publicly held corporations own 10% or more of the entity's stock

2. Canizares Law Group LLC, a Florida Limited Liability Company:

   - no parent corporations
   - no publicly held corporations own 10% or more of the entity's stock

3. Catholic Charities Legal Services, Archdiocese of

*State of Florida* v. *United States of America*,
Nos. 23-11528 & 23-11644

Miami, Inc., a Florida Not for Profit Corporation:

- Archbishop Thomas G. Wenski is the Corporation Sole

- no parent corporations aggregate

- no publicly held corporations own 10% or more of the entity's stock

4. Garcia, Miranda & Gonzalez-Rua, P.A., a Florida Profit Corporation:

- no parent corporations

- no publicly held corporations own 10% or more of the entity's stock

5. Gurian Group, P.A., a Florida Profit Corporation:

- no parent corporations

- no publicly held corporations own 10% or more of the entity's stock

6. Prada, Mark Andrew, Prada Urizar Dominguez, PLLC, Miami, FL — counsel for amici curiae

s/ Mark Andrew Prada
Prada Urizar Dominguez, PLLC

December 13, 2023　　　　*Counsel for Amici Curiae*

_____

OPPOSED MOTION OF AMICI CURIAE
LEGAL SERVICE PROVIDERS FOR CUBAN
REFUGEE DIASPORA FOR LEAVE
TO PARTICIPATE IN ORAL ARGUMENT

_____

Pursuant to Fed R. App. P. 29(a)(8), and Rule 34 I.O.P. 11, the amici legal service providers (individually named in the certificate of interested parties) move the Court for leave to participate in the oral argument scheduled for this case on January 26, 2024. They request 6 minutes of argument time independent of the time allocated to the parties. This request is made because the amici wish to address important issues of law raised in the parties' briefing that were not addressed or defended by the opposing party, or at all.

The undersigned has conferred with counsel for the United States and for the State of Florida about this motion. Counsel for the United States stated:

> We would oppose any motion that asks for time to participate where that time comes out of our time.
>
> As to a motion to participate in which you ask for time independent of our time, we take no position.

Counsel for the State of Florida stated:

> Florida opposes this request to participate in the oral argument, which should be focused on the arguments and presentations of the two sovereign entities who are parties to this case.

The Court should grant this motion for the following reasons.

## Reasons for Granting this Motion

"An amicus curiae may participate in oral argument only with the Court's permission." Fed. R. App. P. 29(a)(8). Although the rules have been amended to delete the "only for extraordinary reasons" language previously contained in this rule, courts are still free to impose that standard according to the Advisory Committee Notes. Fed. R. App. P. 29 Advisory Comm. Note to subdiv. (g) (1998 Amendments); but see *Campbell* v. *Shinseki*, 546 Fed. Appx. 874, 879 n. 3 (CA11 2013) ("We have explained that although the interpretations in the advisory committee notes are not binding, they are highly persuasive.") (citation omitted).

Courts have held that amici oral argument can be allowed as an extraordinary circumstance, or otherwise, where an important issue in a case has not been addressed by the

2

parties:

> Because the Department of Justice's refusal to defend the constitutionality of an Act of Congress is an extraordinary event, we granted amici's motion to share oral argument time with the Government. Indeed, federal courts have frequently appointed amici to participate in oral argument where neither side will defend an important position. *See, e.g., Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998) (inviting private party to file an amicus brief and to participate in oral argument when Government declined to defend ruling in its favor); *Bob Jones Univ. v. United States,* 461 U.S. 574, 585 n. 9, 599 n. 24, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983) (same); *McKinney v. Indiana Michigan Power Co.,* 113 F.3d 770, 772 n. 2 (7th Cir.1997) (appointing amicus "so that [the court] might have the benefit of an adversary presentation of the issues raised by the appeal"); *United States v. Chagra,* 701 F.2d 354, 366 (5th Cir.1983) (appointing amicus "to ensure that this appeal continues to be presented in an adversary context").

*United States* v. *Dickerson*, 166 F. 3d 667, 681 n. 14 (CA4 1999), *rev'd on other grounds,* 530 U. S. 428 (2000); see also *Patel* v. *Garland*, 596 U. S. 328, 336 (2022) ("Because the Government has continued to take the position that § 1252(a)(2)(B)(i) does not prohibit review of the fact determinations at issue, we invited Taylor A. R. Meehan to brief and argue this case, as *amicus curiae*, in support of the judgment

3

below."). The amici submit that there are three such issues in this case.

    1.    The United States argues that Florida's claims are precluded from judicial review by 8 U. S. C. § 1252(a)(2)(B)(ii). U. S. Br. 26–27 (June 12, 2023). These amici have argued the same. Amici Br. 29–36 (June 12, 2023). But there is a wide and important disparity between the two presentations on this issue.

    Whereas the amici rely on this Court's precedents regarding the two bars in § 1252(a)(2)(B), *id.*, the United States is apparently seeking to have the Court change its jurisprudence regarding § 1252(a)(2)(B)(ii) by importing the rule set forth in *Patel* v. *Garland*, 142 S. Ct. 1614 (2022), into the differently worded bar in § 1252(a)(2)(B)(i). U. S. Br. 26–27; U. S. Reply Br. 11 (July 3, 2023); but see *Patel* v. *U. S. Att'y Gen.*, 971 F. 3d 1258, 1282–83 (CA11 2020) (en banc) (distinguishing the two provisions).

    As for Florida, its response to the § 1252(a)(2)(B)(ii) issue does not address how the United States is seeking to

4

import inapplicable § 1252(a)(2)(B)(i) jurisprudence, instead arguing that there is a distinction between challenges to "policies" and challenges to "particular grant[s] or denial[s] of discretionary relief." Fla. Br. 31–32 (June 26, 2023). While the amici agree with Florida on its reading of the statutory bar, Amici Br. 35, the amici also agree with the United States on its ultimate conclusion that review is precluded in this case, but for different reasons.

This is an important issue that affects the public more broadly, as it will have consequences for petitions for review of final orders of removal under § 1252(a), and for Administrative Procedure Act litigation against USCIS. In fact, the United States has already made the same jurisdictional argument that it is making in this case in another case involving APA claims against USCIS. Defs'. Objection to Rep. and Recomm. (Doc. 41), *T & B Holding Group, LLC* v. *Garland*, No. 6:22-cv-01398-WWB-EJK (M.D. Fla. Apr. 14, 2023), appeal filed sub nom. *T & B Holding Group, LLC* v. *U. S. Att'y Gen.*, No. 23-13385 (CA11).

Given the importance of jurisdictional rules, and the wide impact that the United States' unrebutted jurisdictional argument can have on other cases that are and will come before this Court, the amici request leave to participate in the oral argument with regard to the proper interpretation of § 1252(a)(2)(B)(ii) in this case.

2. In addition to the jurisdictional rule, these amici have argued that challenges to parole decisions are subject to a standard of review that is even more deferential than abuse of discretion review — the United States need only provide "a facially legitimate and bona fide reason" behind its parole decisions. Amici Br. 34–35 (citing *Garcia-Mir* v. *Smith*, 766 F. 2d 1478, 1485 (CA11 1985); *Jean* v. *Nelson*, 727 F. 2d 957, 977 (CA11 1984) (en banc), aff'd, 472 U. S. 846 (1985)). The Court has recently addressed that still valid standard — and which applies here — in a case involving the doctrine of consular non-reviewability. *Del Valle* v. *Sec'y of State*, 16 F. 4th 832, 838 (CA11 2021) ("the doctrine goes to the merits of a claim") (citation omitted).

Neither of the parties have addressed this standard of review, even though they both have cited *Jean* v. *Nelson* in their briefing. This is an important issue that the amici should be granted leave to address as well.

3. In the first order before this Court, the district court gave an opinion regarding the inapplicability of § 1226(a) to persons who are applicants for admission under § 1225(a)(1) with respect to a claim brought by Florida that was ultimately held to not constitute reviewable, final agency action. *Florida* v. *United States*, No. 3:21-CV-1066-TKW-ZCB, 2023 WL 2399883, at *24–28 (N.D. Fla. Mar. 8, 2023). These amici hold a very strong interest in their agreement with the district court on this legal issue. Amici Br. 9–29.

However, given how the district court resolved that issue, the United States has not appealed that portion of the district court's order. In its brief, Florida stated that that point "is not at issue in these appeals." Fla. Br. 5 n. 3. And yet, in its reply brief, the United States decided to raise the issue. U. S. Reply Br. 8 ("Finally, even if a remedial order

could decrease the number of parole releases, it would not undermine DHS's authority to release noncitizens who have crossed the border between ports of entry under § 1226(a).") (citations omitted).

To the extent the Court will reach that issue, despite the cursory briefing it has received on it, this motion should be granted to permit the amici leave to address that issue as well. The amici have a very strong interest in the resolution of that issue in particular, as noted in their brief.

## Conclusion

Based upon the foregoing, these amici respectfully move the Court to grant them 6 minutes of independent oral argument time with respect to the issues noted above.

Respectfully submitted,

**s/ Mark Andrew Prada**
Prada Urizar Dominguez, PLLC
3191 Coral Way, Suite 500
Miami, FL 33145
o. 786.703.2061
c. 786.238.2222
mprada@pradaurizar.com

December 13, 2023        *Counsel for Amici Curiae*

8

## Certificate of Compliance

The body of this motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) in that it contains no more than 5,200 words, to wit: <u>1,380</u> words. The body of this motion also complies with the page limit of Rule 27(d)(2)(B) in that it does not exceed 20 pages.

This motion complies with the typeface and style requirements of Rules 32(a)(5) & (6) in that is has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in NewCenturySchlbk LT Std font size 14.

<u>s/ Mark Andrew Prada</u>
Prada Urizar Dominguez, PLLC

December 13, 2023                *Counsel for Amici Curiae*

## Certificate of Service

I certify that, on December 13, 2023, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will therefore be accomplished through the appellate CM/ECF system.

s/ Mark Andrew Prada
Prada Urizar Dominguez, PLLC

December 13, 2023　　　　*Counsel for Amici Curiae*