# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11528

_____

STATE OF FLORIDA,

                                                             Plaintiff-Appellee,

*versus*

UNITED STATES OF AMERICA,
ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION,
U.S. CUSTOMS AND BORDER PROTECTION,
DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
SECRETARY, et al.,

                                                   Defendants-Appellants.

_____

2                            Order of the Court                          23-11528

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cv-01066-TKW-ZCB

_____

_____

No. 23-11644

_____

STATE OF FLORIDA,

                                                                              Plaintiff-Appellee,

*versus*

SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,
CHIEF OF THE UNITED STATES BORDER PATROL,
UNITED STATES OF AMERICA,

                                                                             Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cv-09962-TKW-ZCB

_____

ORDER:

23-11528               Order of the Court                    3

On January 20, 2021, President Joseph R. Biden Jr. was sworn in as the forty-sixth president of the United States. The Biden Administration implemented immigration policies—Parole plus Alternatives to Detention (Parole+ATD) and Parole with Conditions (PWC)—in response to the surge[1] in crossings at our country's southwest border. In September 2021, the State of Florida sued the United States, challenging the Biden Administration's legal authority to implement those policies. In March 2023 and May 2023, the district court blocked those policies. The United States appealed, and the case remains pending with this court.

On January 20, 2025, President Donald J. Trump was sworn in as the forty-seventh president of the United States. Since his inauguration, President Trump has issued several executive orders and implemented several policies related to immigration.[2] This includes an order directing the Department of Homeland Security to "terminate all categorical parole programs that are contrary to the policies of the United States." Exec. Order. No. 14165, 90 Fed. Reg. 8467, 8468 (Jan. 20, 2025).

Given the change in presidential administration and immigration policies, we must determine whether this case has become

---

[1] U.S. Gov't Accountability Off., GAO-22-105456, Southwest Border: Challenges and Efforts Implementing New Processes for Noncitizen Families (2022) (reporting a 300% increase in FY2021 over 2020).

[2] *See* Yvonne Toy, Marissa E. Cwik, Christina M. Kelley & Ashley Urquijo, *President Trump Issues Six Executive Orders Pertaining to Immigration*, Nat'l L. Rev. (Jan. 21, 2025).

moot. "The Constitution permits this Court to decide legal questions only in the context of actual 'Cases' or 'Controversies.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting U.S. Const., Art. III, § 2). "Our jurisdiction ceases if a case becomes moot while it pends before us." *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022). "In considering mootness, we look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022). A case becomes moot when events after its commencement "create a situation in which the court can no longer give the plaintiff meaningful relief." *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents*, 633 F.3d 1297, 1308 (11th Cir. 2011) (quotation marks omitted). "For instance, when a government fully repeals a challenged law, a case challenging that law is almost surely moot." *Keister*, 29 F.4th at 1250.

"The doctrine of voluntary cessation provides an important exception to the general rule that a case is mooted by the end of the offending behavior." *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (11th Cir. 2004). "[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off." *Id.* But the doctrine of voluntary cessation does not apply when there is "no reasonable expectation that the voluntarily ceased activity will, in fact, actually recur after the termination of the suit." *Troiano*, 382 F.3d at 1283.

23-11528               Order of the Court                    5

"Government defendants receive the benefit of the doubt in voluntary-cessation cases: When they voluntarily stop the challenged conduct, a rebuttable presumption arises that they will not reengage in it." *Keister*, 29 F.4th at 1250. We have "consistently held that a challenge to a government policy that has been unambiguously terminated will be moot in the absence of some reasonable basis to believe that the policy will be reinstated if the suit is terminated." *Troiano*, 382 F.3d at 1285.

"Yet the government cannot always moot a case by simply changing the challenged policy or law. If a new policy leaves the challenged aspects of the old policy 'substantially undisturbed,' the case avoids mootness." *Keister*, 29 F.4th at 1250 (quoting *Naturist Soc., Inc. v. Fillyaw*, 958 F.2d 1515, 1520 (11th Cir. 1992)). "A change in policy will moot a case only if it fundamentally alters the original policy so as to render the original controversy a mere abstraction." *Id.* (internal quotation marks omitted and alteration adopted).

Thus, the parties are DIRECTED to brief the issue of mootness. Briefs should be no greater than fifteen (15) pages and should be submitted within twenty-one (21) days of the filing of this court's Order.

> DAVID J. SMITH
> Clerk of the United States Court of
> Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION